UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JOHN N. BACH, | Case No. 4:14-cv-469-BLW |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| PAULA EHRLER, *et al.*, | |
| Defendants. | |

# INTRODUCTION

The Court has before it two motions to dismiss – one filed by Defendant Judge Darren B. Simpson and the other filed by Defendants Jared Harris and Harris & Baker Law Firm. The motions are fully briefed and at issue. The Court has determined that oral argument will not significantly assist the decisional process and will therefore consider the matters without a hearing. For the reasons explained below, the Court will grant both motions.

# BACKGROUND

In November 2014, Plaintiff John N. Bach filed a pro se complaint against several defendants, including District Court Judge Darren B. Simpson, attorney Jared Harris, and Harris & Baker Law Firm. Bach alleged RICO and Federal Civil Rights Act violations. Defendants Judge Simpson, Jared Harris, and Harris & Baker filed motions to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-

technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy of *Harris v Amgen* still exists. Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

## ANALYSIS

Even as a pro se litigant, Bach's Complaint is still evaluated under the *Iqbal/Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his complaint, Bach alleges a RICO violation, as well as violations of the Federal Civil Rights Act (specifically, sections 1983, 1985(2), 1985(3), and 1986). These claims fail to state cognizable causes of action.

The claims again Judge Simpson are barred by judicial immunity. A plaintiff can overcome such immunity if nonjudicial actions form a judge's alleged misconduct. However, Bach's Complaint does not include such allegations. Instead, when specifically discussing Judge Simpson, Bach alleged that Judge Simpson incorrectly cited and incorrectly analyzed the law when he held that "a foreign judgment may be filed in the office of clerk of any district court of any county of this state." *Pl.'s Compl.*, Dkt 1, p. 11, ¶ 19. Bach also alleged that "Judge Simpson issued an ORDER GRANTING IN PART JUDGMENT DEBTOR'S CLAIM OF EXEMPTION" and filed an amended order soon after. *Id.* at ¶ 23. These allegations only address judicial actions taken by Judge Simpson.

A plaintiff may also overcome judicial immunity when a judge takes judicial action when he lacks jurisdiction to do so. In his complaint, Bach alleged that Judge Simpson improperly denied a change of venue and, in doing so, misconstrued applicable law and was "untruthful." *Pl.'s Compl.*, Dkt 1, p. 11, ¶ 19. This allegation is simply incorrect and implausible. Judge Simpson denied Bach's motion for a change of venue when the defendant in that case invoked the general jurisdiction of the state district court

by filing a foreign judgment against Bach pursuant to I.C. § 10-1302. That statute permits a foreign judgment to be "filed in the office of the clerk of any district court of any county in this state." I.C. § 10-1302. Judge Simpson, therefore, had jurisdiction over the case. As such, Bach failed to allege sufficient facts supporting his claim that Judge Simpson took judicial action without jurisdiction to do so. For these reasons, Bach's claims against Judge Simpson are barred by judicial immunity.

Bach has also failed to plead sufficient facts to support claims against Jared Harris and Baker & Harris Law Firm. Bach merely discussed Jared Harris' representation of a few defendants, as well as various legal documents that Jared filed against Bach. Regarding the law firm, Bach merely named Harris & Baker as a defendant. But Bach fails to plead facts related to his claim that the defendants, including Jared Harris and Baker & Harris, violated the RICO Act or the Federal Civil Rights Act. Instead, Bach presents legal conclusions, such as "all defendants and each of them have wrongfully conspired with those defendants who have legal authority" and "…each and all said defendants have violated the aforesaid constitutional rights and privileges of Plaintiff John N. Bach." *Pl.'s Compl.*, Dkt 1, ¶ 31. The Complaint's legal conclusions do not state a claim upon which relief may be granted.

The Court is unconvinced that an amendment would cure the pleading. As such, the Court grants both motions to dismiss.

## ORDER

**IT IS ORDERED:**

1. Defendant Simpson's Motion to Dismiss (Dkt. 2) is **GRANTED.**

2. Defendants Jared Harris' and Baker & Harris' Motion to Dismiss (Dkt. 6) is **GRANTED**.

DATED: February 26, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court