UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN N. BACH,<br><br>      Plaintiff,<br><br>      v.<br><br>PAULA EHRLER, *et al.*,<br><br>      Defendants. | Case No. 4:14-cv-00469-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Defendants Donna Dawson and Wayne Dawson's Motion to Dismiss for Failure to State a Claim. (Dkt. 34). For the reasons set forth below, the Court will grant the motion. Because the Motion to Dismiss is granted, the Court deems Plaintiff's Motion for Summary Judgment (Dkt. 37) moot.

## BACKGROUND

In November 2014, Plaintiff John N. Bach filed a pro se complaint against several parties, including Donna Dawson and Wayne Dawson. Apparently, Bach is upset about the seizure and sheriff's execution sale of his real property. *See Compl.*, ¶¶ 21-24, Dkt. 1. Bach alleges Racketeer Influenced and Corrupt Organizations (RICO) violations under 18 U.S.C. § 1961 and Federal Civil Rights Act violations under 42 U.S.C. §§ 1983-86.

The Court has already dismissed claims against certain Defendants. Donna Dawson and Wayne Dawson file the present motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether

--------

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley*, a question arises whether the liberal amendment policy of *Harris* still exists. Nevertheless, the Ninth Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. *See Market Trading, Inc. v. AT&T Mobility, LLC*, 2010 WL 2836092 (9th Cir. July 20, 2010) (not for publication). Accordingly, the Court will continue to employ the liberal amendment policy.

the plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

## ANALYSIS

Even as a pro se litigant, Bach's Complaint is evaluated under the *Iqbal/Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his complaint, Bach alleges a RICO violation, as well as violations of the Federal Civil Rights Act (specifically, sections 1983, 1985(2), 1985(3), and 1986). However, Bach fails to describe how the alleged improper sheriff's execution sale violates either the RICO statute or otherwise violates his constitutional rights. Accordingly, these claims fail to state cognizable causes of action.

Just as the Court found that Bach pleaded insufficient facts against previously dismissed Defendants, again here, he has failed to plead sufficient facts to support claims against the Dawsons. Bach's complaint consistently makes legal conclusions asserting that the Dawsons violated the law, yet Bach does not offer an explanation of how they violated the law. A recitation of the criminal elements of a crime will not satisfy the pleading requirements. *Twombly*, 550 U.S. at 555. Furthermore, the complaint must set forth "more than labels and conclusions." *Id.* It is simply not enough to allege "all of said defendants have violated the aforesaid constitutional rights and privileges of Plaintiff John N. Bach and have perpetrated, committed and egregiously inflicted upon [] Bach" constitutional violations. *Compl.*, ¶ 31, Dkt. 1 (emphasis deleted). Bach asserts claims

ranging from abuse of legal process, theft, and defamation, yet he does not spell out how and why the Dawsons are liable for any of these claims.

The Court is unconvinced that an amendment would cure the pleading – the claims do not simply leave out a few necessary facts; they are wholly without substance. As such, the Court grants the Motion to Dismiss (Dkt. 34) with prejudice.

**ORDER**

**IT IS ORDERED:**

1. Defendants Donna and Wayne Dawson's Motion to Dismiss (Dkt. 34) is **GRANTED**.

2. Plaintiff's Motion (Dkt. 37) is **DENIED**.

DATED: September 25, 2015

B. Lynn Winmill
Chief Judge
United States District Court