UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN N. BACH,<br><br>                Plaintiff,<br>v.<br><br>PAULA EHRLER, *et. al.*,<br><br>                Defendants. | Case No. 4:14-cv-00469-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

1. **Stipulation**

The Court has before it the Stipulation for Dismissal with Prejudice (Dkt. 54), asking the Court to dismiss Plaintiff's claims against defendants Tony Liford and Teton County. Good cause appearing, the Court will grant the stipulation. In turn, the Court will deem moot defendants Liford and Teton County's motion for sanctions (Dkt. 51) and motion for extension of time (Dkt. 52).

2. **Motion to Substitute**

R. Sam Hopkins, Chapter 7 Trustee, pursuant to 11 U.S.C. § 541(a) and FRCP 25(c) asks the Court to substitute Mr. Hopkins as the real party in interest on the claims against Teton County and Liford to carry out the terms of the settlement (Dkt. 53). No response to the motion has been filed, and the deadline for filing a response has passed.

Bach filed a petition for bankruptcy under Chapter 7 on February 9, 2016 in the United States Bankruptcy Court, District of Idaho. Thus, his claims in this proceeding

**MEMORANDUMD DECISION AND ORDER - 1**

became property of the bankruptcy estate under 11 U.S.C. § 541(a). The Trustee may substitute as a party in place of Bach under FRCP 25(c).

On April 29, 2016, the Trustee, Teton County, and Tony Liford, filed a stipulation for settlement in the bankruptcy proceeding, agreeing that Teton County and Tony Liford would pay the Trustee $5,000.00 to compromise all claims in this proceeding against Teton County and Tony Liford, and all claims against Teton County and Tony Liford would be dismissed with prejudice. On July 7, 2016, the Bankruptcy Court entered the Order Approving Settlement with Teton County and Teton County Sheriff Tony Liford. Dkt. 53, Ex. A.

On July 7, 2016, the Bankruptcy Court entered the Order Allowing Trustee to Abandon Federal Lawsuit, authorizing the Trustee to abandon his interest on all claims against the remaining Defendants besides Teton County and Tony Liford. Dkt. 53, Ex. B. Accordingly, the Court will grant the motion.

3. **Motion to Dismiss**

The Court also has before it defendants Alva Harris and Sapient Trading, LLC's motion to dismiss (Dkt. 46). The motion asks the Court to dismiss the complaint against these two defendants because the complaint is unintelligible. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6)

**MEMORANDUMD DECISION AND ORDER - 2**

motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations.  *Id*.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some

**MEMORANDUMD DECISION AND ORDER - 3**

absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint,

**MEMORANDUMD DECISION AND ORDER - 4**

although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

Even as a pro se litigant, Bach's Complaint is evaluated under the *Iqbal/Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). As explained earlier orders in this case dismissing the claims against other defendants, in his complaint Bach alleges a RICO violation, as well as violations of the Federal Civil Rights Act (specifically, sections 1983, 1985(2), 1985(3), and 1986). However, Bach fails to describe how the alleged improper sheriff's execution sale violates either the RICO statute or otherwise violates his constitutional rights. Accordingly, these claims fail to state cognizable causes of action. Just as the Court found that Bach pleaded insufficient facts against previously dismissed Defendants, again here, he has failed to plead sufficient facts to support claims against Alva Harris and Sapient Trading. Bach's complaint consistently makes legal conclusions asserting that the defendants violated the law, yet Bach does not offer an explanation of how they violated the law. A recitation of the criminal elements of a crime will not satisfy the pleading requirements. *Twombly*, 550 U.S. at 555. Furthermore, the complaint must set forth "more than labels and conclusions." Id. It is simply not enough to allege "all of said defendants have violated the aforesaid constitutional rights and privileges of Plaintiff John N. Bach and have perpetrated, committed and egregiously inflicted upon [] Bach" constitutional violations. Compl., ¶ 31, Dkt. 1 (emphasis deleted). Bach asserts claims ranging from abuse of legal

**MEMORANDUMD DECISION AND ORDER - 5**

process, theft, and defamation, yet he does not spell out how and why the Dawsons are liable for any of these claims.

The Court is again unconvinced that an amendment would cure the pleading – the claims do not simply leave out a few necessary facts; they are wholly without substance. As such, the Court grants the Motion to Dismiss (Dkt. 46) with prejudice.

## ORDER

**IT IS HEREBY ORDERED:**

1. Stipulation for Dismissal with Prejudice (Dkt. 54) is **GRANTED**. All claims against Tony Liford and Teton County are dismissed with prejudice, with each party bearing its own costs and fees.

2. Liford and Teton County's Motion for Sanctions (Dkt. 51) is **DEEMED MOOT**.

3. Liford and Teton County's Motion for Extension of Time (Dkt. 52) is **DEEMED MOOT**.

4. Alva Harris and Sapient Trading, LLC's Motion to Dismiss (Dkt. 46) is **GRANTED**.

5. Motion to Substitute Real Party in Interest on Claims Against Teton County and Tony Liford (Dkt. 53) is **GRANTED**.

**MEMORANDUMD DECISION AND ORDER - 6**



DATED: September 12, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUMD DECISION AND ORDER - 7**